| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br>Paul E. Gold, Esq.        SBN: 105457<br>Dennis P. Block & Associates<br>5437 Laurel Canyon Blvd., 2nd Floor<br>Valley Village, CA 91607<br>Tel: (323) 938-2868<br>Fax: (323) 938-6069<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Movant | FOR COURT USE ONLY |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re:  Alma Guadalupe Almaral aka Alma Amaral<br><br><br><br>Debtor(s). | CHAPTER: **7**<br><br>CASE NO.: 1:12-bk-13628-AA<br><br>DATE:   5/30/12<br>TIME:    11:30 am<br>CTRM:  303<br>FLOOR: 3rd |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(I) (with supporting declarations)
### (MOVANT: <u>Shawn Evenhaim</u>                                    )
### (Unlawful Detainer)

1.  NOTICE IS HEREBY GIVEN to the Debtor(s), Debtor's(s') attorney, and other interested parties ("Responding Party") that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay or for an order confirming that the automatic stay does not apply as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

    ☐ NOTICE IS ALSO GIVEN to the Trustee as an additional Responding Party, because the Motion relates to a nonresidential property.

2.  **Hearing Location:**   ☐ **255 East Temple Street, Los Angeles**        ☐ **411 West Fourth Street, Santa Ana**

    ☒ **21041 Burbank Boulevard, Woodland Hills**        ☐ **1415 State Street, Santa Barbara**

    ☐ **3420 Twelfth Street, Riverside**

3.  a.  ☒  This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1.  If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of the Motion.

    b.  ☐  This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

    ☐ at the hearing     ☐ at least _____ court days before the hearing.

    (1) ☐  A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

    (2) ☐  A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

    (3) ☐  A Motion for Order Shortening Time has been filed and remains pending.  Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                          **F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 2 of 9*___   **F 4001-1M.UD**

| In re             (SHORT TITLE)<br>Alma Guadalupe Almaral aka Alma Amaral<br><br>                                                    Debtor(s). | CHAPTER: 7<br><br>CASE NO.: 1:12-bk-13628-AA |
|---|---|

4.  You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

5.  If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 4/20/12

Dennis P. Block & Associates
*Print Law Firm Name (if applicable)*

Paul E. Gold, Esq.
*Print Name of Individual Movant or Attorney for Movant*

*Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

**F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 3 of 9*___          **F 4001-1M.UD**

| In re<br>Alma Guadalupe Almaral aka Alma Amaral | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| | Debtor(s). | CASE NO.: 1:12-bk-13628-AA |

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
## (Unlawful Detainer)
### (MOVANT: Shawn Evenhaim_____)

1. **The Property at Issue:** Movant moves for relief from the automatic stay to obtain possession of the residential or nonresidential premises at the following address (the "Property"):

    *Street Address:* 20302 Stagg Street
    *Apartment/Suite No.:*
    *City, State, Zip Code:* Winnetka, CA 91306

    **The Property is:**  ☒ Residential      ☐ Nonresidential

2. **Case History:**

    a.  ☒ A voluntary  ☐ An involuntary   petition under Chapter   ☒ 7   ☐ 11  ☐ 12  ☐ 13
        was filed on *(specify date):* 4/19/12

    b.  ☐ An Order of Conversion to Chapter    ☐ 7   ☐ 11  ☐ 12  ☐ 13
        was entered on *(specify date):*

    c.  ☐ Plan was confirmed on *(specify date):*

    d.  ☐ Other bankruptcy cases of the Debtor were pending within the year ending on the petition date.  See attached Declaration.

    e.  ☐ Other bankruptcy cases affecting this Property have been pending within the two years ending on the petition date.  See attached Declaration.

3. **Grounds for Relief from Stay:** *(Check all that apply)*

    a.  ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of petition date, Debtor(s) had no right to continued occupancy of the premises, as follows:

    (1)  ☐ An unlawful detainer judgment in favor of Movant was entered prepetition.

        A.  ☐ The debtor has not filed with the petition and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

        B.  ☐ The debtor or adult dependent of debtor has not deposited with the Clerk any rent that would become due during the 30-day period after the filing of the petition.

        C.  ☐ The debtor or adult dependent of debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

        D.  ☐ The Movant has filed and served an objection to the certification referenced in (a)(1)(A) and/or (a)(1)(C) above.  A copy of the objection is attached hereto as Exhibit _____ .  A hearing on this objection is set for: _____.

    (2)  ☒ An unlawful detainer proceeding was commenced prepetition.

    (3)  ☐ Movant acquired title to the premises by foreclosure sale prepetition and recorded the deed within the period provided by state law for perfection.

    (4)  ☐ Movant acquired title to the premises by foreclosure sale postpetition and recorded the deed within the period provided by state law for perfection.

    (5)  ☐ The lease or other right of occupancy expired by its terms prepetition.

    (6)  ☐ The lease has been rejected or deemed rejected by operation of law.

    (7)  ☐ Lease payments have not been made since the filing of the petition.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                 **F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 4 of 9*___    **F 4001-1M.UD**

| In re                              (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Alma Guadalupe Almaral aka Alma Amaral | |
| Debtor(s). | CASE NO.: 1:12-bk-13628-AA |

(8) ☐ An eviction action has been filed to obtain possession of the subject residential property on grounds of endangerment of the property **or** because of illegal use of controlled substances on the property and Movant has filed and served upon Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification Debtor has endangered the subject property or illegally allowed the use of controlled substances on the property. A copy of Movant's certification is attached as Exhibit _____. Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for: _____

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

   (1) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

   (2) ☐ Other bankruptcy cases have been filed asserting an interest in the same property.

   (3) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

**4. Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

☒ Movant submits the attached Unlawful Detainer Declaration to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

☒ Other Declaration(s) are also attached in support of this Motion. `A true and correct copy of a Rental Agreement and the copies of Grand Deeds are attached as Exhibit "C".`

**WHEREFORE, Movant prays that this Court issue an Order granting the following** *(specify forms of relief requested)*:

1. ☒ Termination of the stay to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to obtain possession of the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as set forth in the attached Declaration(s).

3. ☐ An order confirming that the automatic stay does not apply.

4. ☐ Alternatively, if immediate relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable:

   a. Establishment of a deadline for assumption or rejection of the lease.

   b. Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    **F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 5 of 9* ___     **F 4001-1M.UD**

| In re        (SHORT TITLE)<br>Alma Guadalupe Almaral aka Alma Amaral<br>                                              Debtor(s). | CHAPTER: 7<br>CASE NO.: 1:12-bk-13628-AA |
|---|---|

5.   Additional provisions requested:

a.   ☒   That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

b.   ☐   Termination or modification of the Co-debtor Stay of 11 U.S.C. § 1201 or § 1301 as to the above-named co-debtor, on the same terms and conditions.

c.   ☒   That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

d.   ☐   That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

e.   ☐   For other relief requested, see attached continuation page.

Dated: 4/20/12

Respectfully submitted,

Shawn Evenhaim
_____
*Movant Name*

Dennis P. Block & Associates
_____
*Firm Name of Attorney for Movant (if applicable)*

By: _____
*Signature*

Name:  Paul E. Gold, Esq.
*Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Motion for Relief from Stay (Unlawful Detainer) - *Page 6 of 9*___                **F 4001-1M.UD**

| In re                    (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Alma Guadalupe Almaral aka Alma Amaral | |
| Debtor(s). | CASE NO.: 1:12-bk-13628-AA |

## UNLAWFUL DETAINER DECLARATION
## (MOVANT: Shawn Evenhaim                            )

I, Shawn Evenhaim                                                    , declare as follows:
        *(Print Name of Declarant)*

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding Movant's interest in the residential or nonresidential real property that is the subject of this Motion ("Property") because:

    ☒  I am the Movant and owner of the Property.

    ☐  I manage the Property as the authorized agent for the Movant.

    ☐  I am employed by Movant as *(state title and capacity)*:

    ☐  Other *(specify)*:


2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the Court if required.

3.  The address of the Property that is the subject of this Motion is:

    *Street Address:* 20302 Stagg Street
    *Apartment/Suite No.:*
    *City, State, Zip Code:* Winnetka, CA 91306

4.  Movant is the legal owner of the Property, or the owner's legally authorized agent.  A true and correct copy of the Trustee's Deed upon Sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit _____.  A true and correct copy of any applicable document establishing Movant's authority as agent for the owner is attached as Exhibit _____.

5.  The Property is:  ☒  residential property  ☐  nonresidential property
    a.  Debtor(s) occupies the Property
        ☒  on a month-to-month tenancy                    ☐  pursuant to a lease that is in default
        ☐  after a foreclosure sale on: _____    ☐  other *(specify)*:
    b.  ☒  Debtor(s) has/have failed to pay the monthly rent of $ 1,900.00 _____  since the following date *(specify date)*: 1/1/12
    c.  ☐  In addition, Debtor(s) has/have failed to pay other obligations under the lease, including the following *(See attached continuation page for itemization)*:
        (1)  ☐  Common area maintenance charges
        (2)  ☐  Property taxes
        (3)  ☐  For additional obligations, see attached continuation page.


*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                        **F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 7 of 9*___    **F 4001-1M.UD**

| In re                                    (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| Alma Guadalupe Almaral aka Alma Amaral | |
| Debtor(s). | CASE NO.: 1:12-bk-13628-AA |

6. Debtor's(s') bankruptcy petition in this case was filed on *(specify date)*:  4/19/12

7. Procedural status *(indicate all that apply, and provide dates for completed steps)*:

   a.  [X]  Movant caused a Notice to Quit to be served upon the Debtor(s) on *(specify date)*:  1/20/12
            A true and correct copy of which is attached hereto as Exhibit  _"A"___

   b.  [X]  Before the filing of the petition, Movant had commenced an unlawful detainer proceeding in state court and completed the
            following:

       (1)  [X]  Movant filed a Complaint for Unlawful Detainer against the Debtor(s) on *(specify date)*: 2/2/12___, a true and correct
                 copy of which is attached as Exhibit  _"B"___ .

       (2)  [X]  Trial was held on *(specify date)*:  4/23/12 and continued to 6/4/12

       (3)  [ ]  An Unlawful Detainer Judgment against the Debtor(s) was entered on the Complaint for Unlawful Detainer on *(specify
                 date)*:_____ , a true and correct copy of which is attached as Exhibit _____ .

       (4)  [ ]  A Writ of Possession for the Property was issued by the state court on *(specify date)*:_____ , a true and correct copy
                 of which is attached as Exhibit _____ .

       (5)  [ ]  The Debtor has not filed with the petition and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

       (6)  [ ]  The Debtor or adult dependent of Debtor has not deposited with the Clerk any rent that would become due during the 30-
                 day period after the filing of the petition.

       (7)  [ ]  The debtor or adult dependent of debtor has not filed and served on the Movant the further certification required under
                 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

       (8)  [ ]  Movant has filed and served an objection to Debtor's certification referenced in paragraph (5) and/or (7) above, a copy
                 of which is attached hereto as Exhibit _____ .  A hearing on this objection is set for: _____

       (9)  [ ]  An eviction action has been filed to obtain possession of the Property on grounds of endangerment of the Property or

                 because of illegal use of controlled substances on the Property and Movant has filed a certification that [ ] such action

                 was filed or [ ] that Debtor has endangered the subject property within 30 days preceding the certification or allowed the
                 illegal use of controlled substances on the Property.  A copy of Movant's certification is attached hereto as Exhibit _____ .

                 Debtor [ ] has [ ] has not filed an objection to Movant's certification.  A copy of Debtor's objection, if filed, is attached
                 hereto as Exhibit _____ .  A hearing on this objection is set for: _____ .

   c.  [ ]  The lease was rejected on _____ *(date)*:

       (1)  [ ]  by operation of law.

       (2)  [ ]  by Order of the Court.

   d.  [ ]  The regular lease payments have not been made since the filing of the petition.

8.  [X]  Debtor(s) has/have no equity in the Property because Debtor(s) does/do not have a lease interest that could be assumed or
         assigned under 11 U.S.C. § 365.

9.  [X]  The Property is not necessary to an effective reorganization because *(specify)*:

    a.  [X]  The Property is residential and is not producing income for the Debtor(s).

    b.  [ ]  The Property is commercial, but no reorganization is reasonably in prospect.

    c.  [ ]  Other *(specify)*:

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                          **F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - Page 8 of 9    **F 4001-1M.UD**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Alma Guadalupe Almaral aka Alma Amaral | Debtor(s). | CASE NO.: 1:12-bk-13628-AA |

10. ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

   a. ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

   b. ☐ Other bankruptcy cases have been filed asserting an interest in the same property.

   c. ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

   d. ☐ Other *(specify)*:

11. ☐ Other bankruptcy cases that have prevented Movant from recovering possession of this Property include the following:

   a. Case Name:
     Case Number:
     Date Filed:             Chapter:
                              Date Dismissed:
     Relief from stay re this Property    ☐ was    ☐ was not  granted.

   b. Case Name:
     Case Number:
     Date Filed:             Chapter:
                              Date Dismissed:
     Relief from stay re this Property    ☐ was    ☐ was not  granted.

   c. ☐ See attached continuation page for more information about other cases.

12. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the actions set forth in paragraph 7 that were taken after the filing of the bankruptcy petition in this case.

   a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 11 above.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on _April 20_ , _2012_ at _Canoga Park , CA_ _____ (city, state).

_Shawn Brenham_
**Print Declarant's Name**

_(signature)_
**Signature of Declarant**

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                 **F 4001-1M.UD**

| In re                        (SHORT TITLE)<br>Alma Guadalupe Almaral aka Alma Amaral | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NO.: 1:12-bk-13628-AA |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

5437 Laurel Canyon Blvd.,2nd Floor,Valley Village, CA 91607

A true and correct copy of the foregoing document described as  NOTICE OF MOTION AND MOTION FOR RELIEF
FROM THE AUTOMATIC STAY(UNLAWFUL DETAINER)                  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On ___5/8/12_____  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Debtor: Alma Guadalupe Almaral aka Alma Amaral - 20302 Stagg St., Winnetka,CA 91306
Trustee: David Keith Gottlieb - 15233 Ventura Blvd., 9th Floor,Sherman Oaks, CA 91403
United States Trustee(SV) - 21051 Warner Center Lane,Suite 115, Woodland Hills, CA 91367

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/8/12 | Beverly Banner | B Banner |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.D

# EXHIBIT "A"

## THREE DAY NOTICE TO PAY RENT OR QUIT

TO:     Alma Amaral Curiel and Salvador Escobar
Tenant in possession and to others in possession of 20302 Stagg St. Winnetka, Ca 91306

YOU ARE HEREBY NOTIFIED that pursuant to the lease or rental agreement under which you hold the possession of the hereinafter described premises, there is now due and unpaid rent in the total sum of $1,900.00 , representing the rent and other payments due as follows:

| Date Due | Amount (Balance) Due | Applicable To |
|---|---|---|
| January 1, 2012 | $   1,900.00 | January Rent |
| _____, 20___ | $_____ | _____ |
| _____, 20___ | $_____ | _____ |

YOU ARE FURTHER NOTIFIED that within Three (3) days after service of this Notice on you, you must pay the amount due in full or quit said premises and deliver up possession of the same to the Owner/agent or the Owner/agent will institute legal proceedings for an unlawful detainer against you to recover possession of said premises, to declare said lease or rental agreement forfeited and to recover rent and damages.

YOU ARE FURTHER NOTIFIED that by this Notice the Owner /agent elects to and does declare a forfeiture of said lease or rental agreement if said rent is not paid in full within the said three (3) days. The premises herein referred to is located at the following location:

Address: 20302 Stagg St, Winnetka, CA

Date:    January 20, 2012

Person to Pay – Shawn Evenhaim
Address to pay: 21510 Roscoe Blvd., Canoga Park, CA 91304
Phone Number: (818) 999-9979 ext. 116

Payment may be received Monday- Friday from 8:00 a.m. to 5.30 p.m.

Dated:   01/20/12          By:   _____
                                  Shawn Evenhaim
                                  Property Owner

                          More out or
                          → Start an eviction

                          818-686-9103

# EXHIBIT "B"

SUM-130

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

**NOTICE TO DEFENDANT:**   ALMA AMARAL; SALVADOR ESCOBAR
*(AVISO AL DEMANDADO):*   DOES 1 TO 10

**YOU ARE BEING SUED BY PLAINTIFF:** SHAWN EVENHAIM
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*



CONFORMED COPY
OF ORIGINAL FILED (FOR COURT USE ONLY)
(SOLO PARA USO DE LA CORTE)

FEB 02 2012

John A. Cl...    ...cutive Officer/ Clerk
By _____ , Deputy
(Name)

---

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

1. The name and address of the court is: SUPERIOR COURT OF CALIFORNIA
   *(El nombre y dirección de la corte es):* COUNTY OF LOS ANGELES
   6230 Sylmar Ave.
   Van Nuys, California 91401, Van Nuys Courthouse

   | CASE NUMBER: |
   |---|
   | *(Número del caso):* **12B00762** |

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Dennis P. Block, Esq.
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Dennis P. Block & Associates
   5437 Laurel Canyon Blvd., Second Floor, Valley Village, CA 91607    SBN: 70194
   323. 938-2868

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415)  [X] did not  [ ] did
   for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: **JOHNA CLARKE FEB 02 2012**    Clerk, by **F. Menefee** , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. NOTICE TO THE PERSON SERVED: You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)          [ ] other *(specify):*
5. [ ]    by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

SUMMONS—UNLAWFUL DETAINER—EVICTION

Page 1 of 2

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

**SUM-130**

| PLAINTIFF *(Name)*: SHAWN EVENHAIM | CASE NUMBER: |
| --- | --- |
| DEFENDANT *(Name)*: ALMA AMARAL; SALVADOR ESCOBAR | |

6. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant)*:

   a. Assistant's name:

   b. Telephone no.:

   c. Street address, city, and zip:


   d. County of registration:

   e. Registration no.:

   f. Registration expires on *(date)*:

**UD-100**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Dennis P. Block, Esq.            SBN: 70194<br>Dennis P. Block & Associates<br>5437 Laurel Canyon Blvd., Second Floor<br>Valley Village, CA 91607<br>TELEPHONE NO.: 323. 938-2868    FAX NO. *(Optional)*: 323. 938-6069<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name):* PLAINTIFF | **FOR COURT USE ONLY**<br><br>CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>FEB 02 2012<br><br>John A. Clarke, Executive Officer/ Clerk<br>By _____ , Deputy<br>(Name) |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 6230 Sylmar Ave.
MAILING ADDRESS: 6230 Sylmar Ave.
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: Van Nuys Courthouse East

PLAINTIFF: SHAWN EVENHAIM

DEFENDANT: ALMA AMARAL; SALVADOR ESCOBAR

[X] DOES 1 TO 10

| **COMPLAINT — UNLAWFUL DETAINER***<br><br>[X] COMPLAINT  [ ] AMENDED COMPLAINT *(Amendment Number):* _____ | **CASE NUMBER:**<br>**12B00762** |
|---|---|

**Jurisdiction** (check all that apply):
[X] **ACTION IS A LIMITED CIVIL CASE**
    Amount demanded  [X]  does not exceed $10,000
                [ ]  exceeds $10,000 but does not exceed $25,000

This case is assigned for all purposes, including trial, to Judge Richard Walmark presiding in Department NW-P.

[ ] **ACTION IS AN UNLIMITED CIVIL CASE** (amount demanded exceeds $25,000)
[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint *(check all that apply):*
    [ ] from unlawful detainer to general unlimited civil (possession not in issue)    [ ] from limited to unlimited
    [ ] from unlawful detainer to general limited civil (possession not in issue)    [ ] from unlimited to limited

1. PLAINTIFF *(name each):* SHAWN EVENHAIM

    alleges causes of action against DEFENDANT *(name each):* ALMA AMARAL; SALVADOR ESCOBAR

2. a. Plaintiff is  (1) [X] an individual over the age of 18 years.  (4) [ ] a partnership.
              (2) [ ] a public agency.  (5) [ ] a corporation.
              (3) [ ] other *(specify):*
    b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county):*
    20302 STAGG ST., WINNETKA, CA 91306

4. Plaintiff's interest in the premises is  [ ] as owner  [X] other *(specify):* LANDLORD/OWNER
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about *(date):* OVER 3 MONTHS AGO    defendant *(name each):* Alma Amaral; Salvador Escobar

      (1) agreed to rent the premises as a  [X] month-to-month tenancy  [ ] other tenancy *(specify):*
      (2) agreed to pay rent of $ 1,900.00    payable  [X] monthly  [ ] other *(specify frequency):*
      (3) agreed to pay rent on the  [X] first of the month  [ ] other day *(specify):*
    b. This  [X] written  [ ] oral    agreement was made with
      (1) [X] plaintiff.  (3) [ ] plaintiff's predecessor in interest.
      (2) [ ] plaintiff's agent.  (4) [ ] other *(specify):*

* **NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

| | |
|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>UD-100 [Rev. July 1, 2005] | **COMPLAINT—UNLAWFUL DETAINER** | Civil Code, § 1940 et seq.<br>Code of Civil Procedure §§ 425.12, 1166<br>www.courtinfo.ca.gov<br>Western Doc & Form Builder |

| PLAINTIFF *(Name)*: SHAWN EVENHAIM | CASE NUMBER: |
|---|---|
| DEFENDANT*(Name)*: ALMA AMARAL; SALVADOR ESCOBAR | |

6.  c.  [ ]  The defendants not named in item 6a are
   (1) [ ]  subtenants.
   (2) [ ]  assignees.
   (3) [ ]  other *(specify)*:

   d.  [ ]  The agreement was later changed as follows *(specify)*:

   e.  [ ]  A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*
   f.  [X]  *(For residential property)*  A copy of the written agreement is **not** attached because *(specify reason)*:
   (1) [ ]  the written agreement is not in the possession of the landlord or the landlord's employees or agents.
   (2) [X]  this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7.  [X]  a.  Defendant *(name each)*: Alma Amaral; Salvador Escobar

   was served the following notice on the same date and in the same manner:
   (1) [X] 3-day notice to pay rent or quit   (4) [ ] 3-day notice to perform covenants or quit
   (2) [ ] 30-day notice to quit               (5) [ ] 3-day notice to quit
   (3) [ ] 60-day notice to quit               (6) [ ] Other *(specify)*:
   b.  (1)  On *(date)*: 1/23/12          the period stated in the notice expired at the end of the day.
       (2)  Defendants failed to comply with the requirements of the notice by that date.
   c.  All facts stated in the notice are true.
   d.  [X]  The notice included an election of forfeiture.
   e.  [X]  A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166.)*
   f.  [ ]  One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)*

8.  a.  [X]  The notice in item 7a was served on the defendant named in item 7a as follows:
   (1) [ ]  by personally handing a copy to defendant on *(date)*:
   (2) [ ]  by leaving a copy with *(name or description)*:
       a person of suitable age and discretion, on *(date)*:          at defendant's
       [ ] residence  [ ] business  AND mailing a copy to defendant at defendant's place of residence on *(date)*:          because defendant cannot be found at defendant's residence or usual place of business.
   (3) [X]  by posting a copy on the premises on *(date)*: 1/20/12      [ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on *(date)*: 1/20/12
       (a) [ ]  because defendant's residence and usual place of business cannot be ascertained OR
       (b) [X]  because no person of suitable age or discretion can be found there.
   (4) [ ]  *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date)*:
   (5) [ ]  *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.
   b.  [ ]  *(Name)*:
       was served on behalf of all defendants who signed a joint written rental agreement.
   c.  [ ]  Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
   d.  [ ]  Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

| PLAINTIFF *(Name):* SHAWN EVENHAIM | CASE NUMBER: |
|---|---|
| DEFENDANT*(Name):* ALMA AMARAL; SALVADOR ESCOBAR | |

9.  [  ]  Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. [X]  At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $ 1,900.00
11. [X]  The fair rental value of the premises is $ 63.33            per day.
12. [  ]  Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil
         Procedure section 1174(b).  *(State specific facts supporting a claim up to $600 in Attachment 12.)*
13. [X]  A written agreement between the parties provides for attorney fees.
14. [  ]  Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance,
         and date of passage):*

          Plaintiff has met all applicable requirements of the ordinances.
15. [  ]   Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. **PLAINTIFF REQUESTS**
    a.  possession of the premises.                              f. [X]  damages at the rate stated in item 11 from
    b.  costs incurred in this proceeding:                              *(date):* 2/1/12            for each day that
    c. [X]  past-due rent of $ 1,900.00                                 defendants remain in possession through entry of judgment.
    d. [X]  reasonable attorney fees.                            g. [  ]  statutory damages up to $600 for the conduct alleged in item 12.
    e. [X]  forfeiture of the agreement.                         h. [  ]  other *(specify):*

18. [X]  Number of pages attached *(specify):* 2

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

19. *(Complete in all cases.)* An unlawful detainer assistant [X] **did not** [  ]  did for compensation give advice or assistance
    with this form. (*If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*
    a.  Assistant's name:                                        c.  Telephone No.:
    b.  Street address, city, and zip code:                      d.  County of registration:
                                                                 e.  Registration No.:
                                                                     Expires on *(date):*

Date: January 26, 2012

ORIGINAL SIGNATURE IN COURT FILE

Dennis P. Block, Esq.
         (TYPE OR PRINT NAME)                                                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION

      *(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

Date:

         ▶

         (TYPE OR PRINT NAME)                                                          (SIGNATURE OF PLAINTIFF)

UD-100 [Rev. July 1, 2005]                          **COMPLAINT—UNLAWFUL DETAINER**                               Page 3 of 3

## THREE DAY NOTICE TO PAY RENT OR QUIT

TO:        Alma Amaral Curiel and Salvador Escobar
Tenant in possession and to others in possession of 20302 Stagg St, Winnetka, Ca 91306


YOU ARE HEREBY NOTIFIED that pursuant to the lease or rental agreement under which you hold the possession of the hereinafter described premises, there is now due and unpaid rent in the total sum of $1,900.00 , representing the rent and other payments due as follows:

| Date Due | Amount (Balance) Due | Applicable To |
|---|---|---|
| January 1, 2012 | $  1,900.00 | January Rent |
| _____, 20___ | $_____ | _____ |
| _____, 20___ | $_____ | _____ |


YOU ARE FURTHER NOTIFIED that within Three (3) days after service of this Notice on you, you must pay the amount due in full or quit said premises and deliver up possession of the same to the Owner/agent or the Owner/agent will institute legal proceedings for an unlawful detainer against you to recover possession of said premises, to declare said lease or rental agreement forfeited and to recover rent and damages.

YOU ARE FURTHER NOTIFIED that by this Notice the Owner /agent elects to and does declare a forfeiture of said lease or rental agreement if said rent is not paid in full within the said three (3) days. The premises herein referred to is located at the following location:

Address: 20302 Stagg St, Winnetka, CA


Date:     January 20, 2012

Person to Pay – Shawn Evenhaim
Address to pay: 21510 Roscoe Blvd., Canoga Park, CA 91304
Phone Number: (818) 999-9979 ext. 116

Payment may be received Monday- Friday from 8:00 a.m. to 5:30 p.m.

Dated:   01/20/12                    By:   _____
                                            Shawn Evenhaim
                                            Property Owner

more out or
→ start an eviction

EXHIBIT 2

818-626-9103

```
 1  |            ( VERIFICATION    446 AND 2015.5 C.C.P. )
 2  |
 3  | STATE OF CALIFORNIA       )
    |                          ) SS
 4  | COUNTY OF LOS ANGELES     )
 5  |
 6  |    I, THE UNDERSIGNED SAY:
 7  | I AM THE PLAINTIFF IN THE WITHIN ACTION. I HAVE READ
 8  | THE FOREGOING COMPLAINT FOR UNLAWFUL DETAINER AND KNOW
 9  | THE CONTENTS THEREOF AND THAT THE SAME IS TRUE OF MY OWN
10  | KNOWLEDGE, EXCEPT AS TO MATTERS WHICH ARE THEREIN STATED
11  | UPON MY INFORMATION OR BELIEF, AND AS TO THOSE MATTERS THAT I
12  | BELIEVE IT TO BE TRUE.
13  |
14  | I CERTIFY (OR DECLARE) UNDER THE PENALTY OF PERJURY, THAT THE
15  | FOREGOING IS TRUE AND CORRECT.
16  |
17  | EXECUTED ON  01/26/12    AT LOS ANGELES, CA.
18  |
19  | XX
    |    SHAWN EVENHAIM
20  | SIGN HERE AND RETURN
21  |
22  |
23  |
24  |
25  |
26  |
27  | 9627137
28  |
```

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF
YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.
1. If you live here and you do not complete and submit this form within 10 days of the date of service shown on this form,
   you will be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. If you file this form, your claim will be determined in the eviction action against the persons named in the Complaint.
3. If you do not file this form, you will be evicted without further hearing.

| | |
|---|---|
| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address)*:<br><br>SBN:<br><br>fax:<br><br>e-mail:<br><br>ATTORNEY FOR *(Name)*:       TELEPHONE NO.: | FOR COURT USE ONLY |

NAME OF COURT:
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER:<br>12B00763 |

| | |
|---|---|
| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the premises on or before the date the unlawful detainer (eviction) Complaint was filed.<br>3. You still occupy the premises. | *(To be completed by the process server)*<br>DATE OF SERVICE:<br>*(Date that this form is served or delivered, and posted, and mailed by the officer or process server)* |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:
1. My name is *(specify)*:

2. I reside at *(street address, unit No., city and ZIP code)*:

3. The address of "the premises" subject to this claim is *(address)*:

4. On *(insert date)*: _____ , the landlord or the landlord's authorized agent filed a complaint to
   recover possession of the premises. *(This date is the court filing date on the accompanying Summons and Complaint.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of right to possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of  $ _____ or file with the court the form
    "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file with the court the form for
    waiver of court fees within 10 days from the date of service on this form (excluding court holidays), I will not be entitled to make a
    claim of right to possession.

*(Continued on reverse)*

| | | |
|---|---|---|
| CP10.5 [New January 1, 1991] | **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**    ProDoc® | Code of Civil Procedure §§ 415.46, 715.010, 715.020, 1174.25 |

| PLAINTIFF *(Name):* | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* | |

**NOTICE: If you fail to file this claim, you will be evicted without further hearing.**

11. *(Response required within five days after you file this form)* I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

12. **Rental agreement.** I have *(check all that apply to you):*
   a. ☐ an oral rental agreement with the landlord.
   b. ☐ a written rental agreement with the landlord.
   c. ☐ an oral rental agreement with a person other than the landlord.
   d. ☐ a written rental agreement with a person other than the landlord.
   e. ☐ other *(explain):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date:

.........................................................    ▶  _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF CLAIMANT)

**NOTICE:** If you file this claim of right to possession, the unlawful detainer (eviction) action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE** if all the following are true:
1. **You are NOT named in the accompanying Summons and Complaint.**
2. **You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.** *(The date is the court filing date on the accompanying Summons and Complaint.)*
3. **You still occupy the premises.**

*(Where to file this form)*    You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the reverse of this form) at the court where the unlawful detainer (eviction) complaint was filed.

*(What will happen if you do not file this form)*    If you do not complete and submit this form and pay a filing fee or file the form for proceeding in forma pauperis if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you will be evicted without a hearing.*

# EXHIBIT "C"

07/06/2007  10:28    32373    0              CPDC MANAGEMEN             PAGE   01

# RENTAL AGREEMENT

1    PARTIES AND DWELLING UNIT
The parties to this Agreement are: Alta Community Association, (ACA), referred to as the LANDLORD, and Alma G. Amaral, Salvador Escobar and three minor children, referred to as the RESIDENT. The LANDLORD leases to the property known as 20302 West Stagg Street, Winnetka, CA.

2    TERMS
The initial term of this Agreement shall begin on August 1, 2005 and end on January 31, 2006.  After the initial terms end, the Agreement will continue for successive terms of one month each unless automatically terminated as permitted by paragraph 25 of this Agreement.

3    RENT
Resident agrees to pay a rent of *$2000.00* per month.  This amount is due on the 1st of the month at ACA, 3774 South Budlong Avenue, #A, LA, CA 90007.

4.  N/A

5    CHARGES FOR LATE PAYMENTS
Rent is due on or before the 1st of the month and late when paid on the 2nd day of the month.  If the Resident does not pay the full amount of the rent shown in paragraph 3 by the end of the 5th day of the month, the Landlord may collect a fee of $100.00 on the 6th day of the month.  The Landlord may not terminate this Agreement for failure to pay late charges, but may terminate this Agreement for non-payment of rent, as explained in paragraph 23.  The charge discussed in this paragraph is an addition to the regular monthly rent payable by the Resident.

6    CONDITION OF DWELLING UNIT
By signing this Agreement, the Resident acknowledges that the unit is safe, clean and in good condition.  The resident agrees that all appliances and equipment in the unit are in good working order, except as described on the Unit Inspection Report which is Addendum No. 2 of this Agreement.  The Resident also agrees that the Landlord has made no promises to decorate, alter, repair or improve the unit, except as listed on the Unit Inspection Report.

7    CHARGES FOR UTILITIES AND SERVICES;
The following chart describes how the cost of utilities and services related to occupancy of the unit will be paid.  The Resident Agrees that these charts accurately describe the utilities and services paid by the Landlord and those paid by the Resident.

A    The Resident must pay for the utilities in column (1).  Payments should be made directly to the appropriate utility company.  The items in column (2) are included in the Resident's rent.

| (1)<br>Put "X" by any utility resident<br>PAYS DIRECTLY | UTILITY | (2)<br>Put an "X" by any utility included<br>in RESIDENT'S RENT. |
|---|---|---|
| X | Natural Gas | |
| X | Electricity | |
| X | Telephone | |
| X | Water | |
| X | Cable TV | |
| X | Rubbish Removal | |
| | Other (Specify) | |

**8      SECURITY DEPOSITS**

The Resident has deposited $ 2000.00 with the Landlord.  The Landlord will hold this security deposit for the period the Resident occupies the unit.  After the Resident has moved from the unit the Landlord will determined whether the Resident is eligible for a refund of any or all of the security deposit.  The amount of the refund will be determined in accordance with the following conditions and procedures.

A      The resident will be eligible for a refund of the security deposit only if the Resident provided the Landlord with a thirty (30) day written notice of intent to move, required by paragraph 23, unless the resident was unable to give the notice for reasons beyond his/her control.

B      After the Resident has moved from the unit, the Landlord will inspect the unit and complete another Unit Inspection Report.  The landlord will permit the Resident to participate in the inspection, if the Resident so requires.

C      The Landlord will refund to the Resident the amount of security deposit less any amount needed to pay for cost of.
(a)      Unpaid rent
(b)      Damages that are not due to normal wear and tear and are not listed on the Unit Inspection Report done to premises by the Resident, his/her family, guests or agents.
(c)      Charges for late payment of rent as described in paragraph 5; and
(d)      Charges for un-returned keys, as described in paragraph 9.

D      The Landlord will refund the amount computed in paragraph 8c within 21 days after the Resident has permanently moved out of the unit, returned possession of the unit to the Landlord, and gave his/her new address to the Landlord.  The Landlord will also give the Resident a written list of charges that were subtracted from the deposit.  If the Resident disagrees with the Landlord concerning the amounts deducted and asks to meet with the Landlord, the landlord agrees to meet with the Resident and informally discuss the disputed charges.

E      If the unit is rented by more than one person, the Residents agree that they will work out the details of dividing any refund among themselves.  The Landlord may pay the refund to any Resident identified on paragraph 1 of this Agreement.

F      The Resident understands that the Landlord will not count the Security Deposit towards the last month's rent or towards repair charges owed by the Resident in accordance with paragraph 11.

**9      KEY AND LOCKS**

The Resident agrees not to install additional or different locks or gates on any door or windows of the unit without the written permission of the Landlord.  If the Landlord approves the Resident's request to install such locks, the Resident agrees to provide the Landlord with a key for each lock.  When this agreement ends, the Resident agrees to return all keys to the dwelling unit to the landlord.  The Landlord may charge the Resident $25.00 for each key not returned.  Should you or a member of your household lock yourself out of your apartment you must contact your Site Manager.  If they are unavailable call the emergency number at the front of this guide.  If access is provided by on-site staff there will be no charge during normal business hours 9 AM-5 PM.  AFTER HOURS THERE WILL BE A MINIMUM CHARGE OF $150.00 TO PROVIDE YOU WITH ACCESS TO YOUR UNIT.

A      If any alterations are approved, it will be at the Resident's expense, and the following will be adhered to
(1)      All hardware is required to be the same manufacture and has same finish as the Original hardware on the door.
(2)      All hardware is required to be keys to the owners master key (no re-keying of the cylinder is permitted).

B      Violation of ANY of the above will cause the owner to remove any unauthorized hardware at the Resident's expense.

10   MAINTENANCE
A    The landlord agrees to:
     1    Maintain all equipment and appliances in safe and working order;
     2    Make necessary repairs with reasonable promptness;
     3    Maintain grounds and shrubs

B    The Resident agrees to:
     1    Keep the unit clean;
     2    Use all appliances, fixtures and equipment in a safe manner and only
          for the purposes for which they are intended,
     3    Not litter the grounds or common areas of the project,
     4    Not destroy, deface, damage or remove any part of the unit, not access
          the rear yard as it is fenced;
     5    Give the Landlord prompt notice of any defects in the plumbing,
          fixtures appliances, heating and cooling equipment or any other part of
          the unit or related facilities; and
     6    Remove garbage and other waste from the unit in a clean and safe
          manner.

11   DAMAGES
     Whenever damage is caused by carelessness, misuse, or neglect on the part of the
     Resident, his/her family or visitors the Resident agrees to pay:
     A    The cost of all repairs and do so within 30 days after receipt of the
          Landlord demand for the repair charges, and
     B    Rend for the period the unit is damaged whether or not the unit is
          habitable.

12   RESTRICTIONS ON ALTERATIONS
     The Resident agrees not to do any of the following without first obtaining the Landlord's
     permission:
     A    Change or remove any part of the appliances, fixtures of equipment in the unit;
     B    Paint or install wallpaper or contact paper in the unit,
     C    Attach awnings or window guards in the unit;
     D    Attach or place any fixtures, signs, or fences on the building(s), the common
          areas, or the grounds;
     E    Attach any shelves, screen doors, or other permanent improvements in the unit;
     F    Place any aerials, antennas or other electrical connections on the unit.

13   GENERAL RESTRICTIONS
     The Resident must live in the unit and the unit must be the Resident's only place of residence.
     The Resident shall use the premises only as a private dwelling for himself/herself and the
     individuals listed in this agreement.  The Resident agrees to permit other individuals to reside
     or visit for a period of over 3 days in the unit only after obtaining the prior written approval of
     the Landlord. The Resident agrees upon threat of eviction not to:
     A    Sublet or assign the unit, or any part of the unit,
     B    Use the unit for unlawful purposes;
     C    Use premises for any purpose deemed hazardous by insurance companies carrying
          insurance thereon;
     D    Engage in or permit unlawful activities in the unit, in the common areas or on the project
          grounds;

     1.   Permit guests or other household members to engage in unlawful activities in the
          unit, in the common areas or on the development grounds.  These unlawful
          activities include but are not limited to the possession, use and/or sale of illegal
          drugs and disturbances or acts of violence that damage or destroy the dwelling
          unit or disturb or injure other residents.

07/06/2007  10:28  3237    '0                CPDC MANAGEME              PAGE  04

2.   The Resident further agrees to not engage personally in unlawful activities in the unit, in the common areas or on or off the development grounds. Such activities include but are not limited to those listed in D(1) above.

E    Have pets or animals of any kind in the unit without the prior written permission of the Landlord; or

F    Make or permit noises or acts that will disturb the rights of comfort of neighbors. The Resident agrees to keep the volume of any radio, phonographs, televisions, or musical instrument at a level which will not disturb the neighbors.

14  RULES
The Resident agrees to obey the House Rules in the Resident Handbook and or CC&R's which are Addendum Number 3 to this Agreement. The Resident agrees to obey additional rules established after the effective date of this Agreement if:
   A   The rules are reasonably related to the safety, care and cleanliness of the building and the safety, comfort and convenience of the Resident, and
   B   The Resident receives written notice of the proposed rule at least thirty (30) days before the rule is enforced.

15  ACCESS BY LANDLORD
The landlord agrees to enter the unit only during reasonable hours, to provide reasonable advance notice of his/her intent to enter the unit, and to enter the unit only after receiving the Resident's consent to do so, except when emergency situations make such notices impossible or except under Paragraph C below.
   A   The Resident agrees to permit the Landlord, his/her agents or other persons, when authorized by the Landlord, to enter the unit for the purpose of making reasonable repairs and periodic inspections.
   B   After the Resident has given a notice of intent to move, the Resident agrees to permit the Landlord to show the unit to prospective residents during reasonable hours.
   C   If the Resident moves before his Agreement ends, the Landlord may enter the unit to decorate, remodel, alter or otherwise prepare the unit for re-occupancy.

16  DISCRIMINATION PROHIBITED
The Landlord agrees not to discriminate based upon race, color, religion, creed, national origin, sex, age, handicap, membership in a class, such as unmarried mothers or recipients of public assistance, or because there are children in the family.

17  CHANGE IN RENTAL AGREEMENT
The Landlord may, change the terms and conditions of this agreement. Any changes will become effective only at the end of the term or a successive term. The Landlord must notify the Resident of any change and must offer the Resident a new Agreement or an Amendment to the existing Agreement. The resident must receive the notice at least sixty (60) days before the proposed effective date of the change. The Resident may accept the changed terms and conditions by signing the new Agreement or the Amendment to the existing Agreement and returning it to the Landlord. The Resident may reject the changed terms and conditions by given the Landlord written notice that he/she intends to terminate the tenancy. The Resident must give such notice at least thirty (30) days before the proposed change will go into effect. If the Resident does not accept the amended Agreement, the Landlord may require the Resident to move from the development, as provided in Paragraphs 23.

18  TERMINATION OF TENANCY
   A   To terminate this agreement, the Resident must give the Landlord thirty (30) days written notice before moving from the unit. If the Resident does not give the full thirty (30) days notice, the Resident shall be liable for rent up to the end of the thirty (30) days for which notice was required or to the date the unit was re-rented, whichever date comes first.

B   Any termination of this Agreement by the LANDLORD must be carried out in
accordance with State and local laws, and the terms of this Agreement.  The
LANDLORD may terminate this Agreement only for-
The RESIDENT'S material noncompliance with the terms of this Agreement.
The RESIDENT'S material failure to carry out obligations under any State Landlord and
RESIDENT Act;
Criminal activity that threatens the health, safety or right to peaceful enjoyment of the
premises by other RESIDENTS or any drug-related criminal activity on or near such
premises engaged in by a RESIDENT, any member of the RESIDENT'S household, or
any guest or other person under the RESIDENT'S control; or
Other good cause, which includes but is not limited to the RESIDENT'S refusal to accept
the LANDLORD'S proposed change to this Agreement   Termination for "other good
cause" may only be effective as of the end of any initial or successive term

Material noncompliance includes, but is not limited to:
Non-payment of rent or any other financial obligation due under the lease beyond any
grace period permitted under State Law.
(The payment of rent or any other financial obligations due under the lease after the due
date but within the grace period permitted under state Law constitutes a minor violation).
Repeated late payment of rent
Failure to reimburse the LANDLORD within 30 days for repairs made under paragraph
11 of this Agreement
Permitting unauthorized persons to live in the unit.
One or more substantial violations of the lease.
Serious or repeated violations of the lease that;
A       Disrupt the livability of the project;
B       Adversely affect the health or safety of any person or the right of any
        RESIDENT to the quiet enjoyment of the lease premises and related project
        facilities;
C       Interfere with the management of the project
D       Have an adverse financial effect on the project;
Serious or repeated damage to the unit or common areas;
Creation of physical hazards that will increase the project's hazard insurance premium;
Failure to repay unauthorized assistance payments,
Knowingly giving the LANDLORD false information regarding income or other factors
considered in determining the RESIDENT'S rent.
Failure of the RESIDENT to timely supply all required information on the income and
composition, or eligibility factors, of the RESIDENT'S household (including, but not
limited to, failure to meet the disclosure and verification requirement for Social Security
Numbers, or failure to sign and submit consent forms for the obtaining of wage and claim
information from State Wage information Collection Agencies), or to knowingly provide
incomplete or inaccurate information;

C   If the LANDLORD proposed to terminate this Agreement, the LANDLORD agrees to
give the RESIDENT written notice of the proposed termination.  If the LANDLORD is
terminating this Agreement for "other good cause," the termination notice must be mailed
to the RESIDENT and hand-delivered to the dwelling unit in the manner required by law
at least 30 days before the date the RESIDENT will be required to move from the unit.
Notices of proposed termination for other reasons must be given in accordance with any
time frames set forth in State and local law   Any required notice period may run
concurrently with any notice period required by State or local law

All termination notices must.

Specify the date this Agreement will be terminated;

State the grounds for termination with enough detail for the RESIDENT to prepare a defense;

Advise the RESIDENT that he/she has 10 days within which to discuss the proposed termination of tenancy with the LANDLORD. The 10 day period will begin on the earlier of the date the notice was hand delivered to the unit or the day after the date the notice was mailed. If the RESIDENT requests the meeting, the LANDLORD agrees to discuss the proposed termination with the RESIDENT; and

Advise the RESIDENT of his/her right to defend the action in our.

D        If the eviction is initiated, the LANDLORD agrees to rely only upon those grounds cited in the termination notice required in paragraph (c)

19  HAZARDS

The resident shall not undertake, or permit his/her family or guests to undertake any hazardous acts or do anything that will increase the project's insurance premiums. If the unit is damaged by fire, wind, or rain to the extent that the unit cannot be lived in and the damage is not caused or made worse by the Resident, the Resident will be responsible for rent only up to the date of the destruction. Additional rent will not accrue until the unit has been repaired to a livable condition.

20  PENALTIES FOR SUBMITTING FALSE INFORMATION

Knowingly giving the Landlord false information regarding income or other factors considered in determining Tenant's eligibility and rent is a material noncompliance with the lease subject to termination of tenancy. In addition, the Resident could become subject to penalties available under Federal Law. Those penalties include fines up to $10,000.00 and imprisonment for up to five (5) years.

21  DRUG FREE HOUSING

In consideration of the execution or renewal of a lease, or of the dwelling unit identified in the lease, the Landlord and Resident agree as follows:

1    The RESIDENT, any member of the RESIDENT'S household, or guest or other person under the RESIDENT'S control shall not engage in criminal activity, including drug-related criminal activity on or near project premises. "Drug-Related Criminal Activity" means the illegal manufacture, sale, distribution, or use of a controlled substance (as defined in Section 102 of the Controlled Substances Act; 21 U.S.C. 802)

2    The RESIDENT, any member of the RESIDENT'S household, or a guest or other person under the RESIDENT'S control shall not engage in any act intended to facilitate criminal activity, including drug-related criminal activity, on or near the project premises.

3    The RESIDENT or members of the RESIDENT'S household, will not permit the dwelling unit to be used for, or to facilitate, criminal activity, including drug-related criminal activity, regardless of whether the individual engaging in such activity is a member of the household or a guest

4    The RESIDENT or members of the household will not engage in the manufacture, sale or distribution of illegal drugs on any location, whether on or near project premises or otherwise.

5    The RESIDENT, any member of the RESIDENT'S household, or guest or other person under the RESIDENT'S control shall not engage in acts of violence or threats of violence, including, but not limited to, the unlawful discharge of firearms, on or near project premises.

6    VIOLATION OF THE ABOVE PROVISION SHALL BE A MATERIAL VIOLATION OF THE LEASE AND GOOD CAUSE FOR TERMINATION OF TENANCY. A single violation of any of the provisions of the addendum shall be deemed a serious violation and a material non compliance with the lease. Unless otherwise provided by law, proof of violation shall not require criminal conviction, but shall be by a preponderance of the evidence

22  ATTORNEY'S FEES
In any legal matter where the court finds in favor of the LANDLORD, the tenant agrees to pay reasonable attorney's fees and costs.

23  PARKING
RESIDENT garage parking, this space may not be assigned, sublet, or allow any other person to use this space. This space is exclusively used for the parking of passenger automobiles by the RESIDENT  No other type of vehicle or item may be stored in this space without prior written consent of LANDLORD, RESIDENT may not wash, repair or paint in this space or any other common area on the premises. Only vehicles that are operational and currently registered in the State of California may park in this space. Any vehicle that is leaking any substance must not be parked anywhere on the premises.

24  CONTENTS OF THIS AGREEMENT
This Agreement and its Addendums make up the entire Agreement between the RESIDENT and LANDLORD regarding the unit.  If any court declares a particular provision of this Agreement to be invalid or illegal, all other terms of this Agreement will remain in effect and both the Landlord and Resident will continue to be bound by them.

25  CALIFORNIA DEPARTMENT OF JUSTICE PENAL CODE NOTIFICATION
The California Department of Justice, sheriff's department, police departments servicing jurisdiction of 200,000 or more and many other law enforcement authorities maintain for public access a data base of the locations of persons required to register pursuant to paragraph (1) of subdivision (a) of section 290.4 of the Penal Code  The data base is updated on a quarterly basis and is a source of information about the presence of these individuals in any neighborhood  The Department of Justice also maintains a Sex Offender Identification Line through which inquires about specific individuals may be made. This is a "900" telephone service  Callers must have specific information about individuals they are checking information regarding neighborhoods is not available through the "900" telephone service.

26  ATTACHED TO THIS AGREEMENT
The Resident certifies that he/she has received a copy of this Agreement and the following Addendums to this Agreement and understands that these Addendums are part of this Agreement.

A:  Addendum No. 1 – Form
B:  Addendum No. 2 – Unit Inspection Report
C:  Addendum No. 3 – CC&R's or Resident Handbook,
C:  Addendum No. 4 – Lead Based Paint,
D:  Addendum No. 5 – Megan's Law
E:  Addendum No. 6 – Smoke Detector
F:  Addendum No. 7 – Fair Housing
G:  Addendum No. 8 – Key Receipt Agreement
H:  Addendum No. 9 – Security Deposit Agreement

27  AUTHORIZED RESIDENTS
The following individuals are the only authorized persons to reside in the unit

*Alma G. Amaral  &  Salvador Escobar*

28  SIGNATURES:

_Alma G. Amaral_  _____  07 - 23 - 05
Alma G. Amaral                         Date

_Salvador Escobar Martinez_  07 . 23 . 05
Salvador G. Escobar                    Date

LANDLORD: Alta Community Association

_Authorized Agent_ _____  07/23/05
Authorized Agent                       Date

07/06/2007  10:28   32371   0              CPDC MANAGEMEI                    PAGE  09

## ADDENDUM TO LEASE
### Disclosure Format for Target Housing Rentals and Leases
### Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards

**Lead Warning Statement**

*Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips, and dust can pose health hazards if not taken care of properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre-1978 housing, landlords must disclose the presence of known lead-based paint and lead-based paint hazards in the dwelling. Tenants must also receive a Federally approved pamphlet on lead poisoning prevention.*

**Lessor's Disclosure (initial parts (a) and (b) and check appropriate boxes)**

(a) Present of lead-based paint or lead-based paint hazards (check one below):

☐ Known lead-based paint and/or lead-based paint hazards are present in the housing (explain):

☒ Lessor has no knowledge of lead-based paint and/or lead-based paint hazards in the housing.

(b) Records and reports available to the lessor (check one below):

☐ Lessor has provided the lessee with all available records and reports pertaining to lead-based paint and/or lead-based hazards in the housing (list documents below).

☒ Lessor has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing.

**Lessee's Acknowledgment (initial part (c) or (d) )**

(c) Lessee has received copies of all information listed above.

(d) Lessee has received the pamphlet *Protect Your Family from Lead in Your Home.*

**Agent's Acknowledgment (initial)**

_____ (e) Agent has informed the lessor of the lessor's obligations under 42 U.S.C. 4582(d) and is aware of his/her responsibility to ensure compliance.

**Certification of Accuracy**

The following parties have reviewed the information above and certify, to the best of their knowledge, that the information provided by the signatory is true and accurate.

*Alta Community Association 07/23/05*

| Lessor | Date | Lessor | Date |
| --- | --- | --- | --- |
| X | 02-23-05 | X | 07-23-05 |

| Lessee | Date | Lessee | Date |
| --- | --- | --- | --- |
| | 07/23/05 | | |

| Agent | Date | Agent | Date |

*(ESPAÑOL ATRAS)*

ADDENDUM NO. 9

## SECURITY DEPOSIT RECEIPT

Project  *20302 W. Stagg St.*

This is NOT a rent receipt.

Date  *07/23/05*

Received from  *Alma G. Amaral & Salvador Escobar*       $ *2000.—*      Dollars as security deposit

Alma G Amaral, Salvador Escobar and three minor children, referred to as the RESIDENT.
The LANDLORD leases to the property known as 20302 West Stagg Street, Winnetka, CA.

Management agrees that subject to conditions listed below, this security deposit will be returned in full

_____      *07/23/05*
Manager

The undersigned agrees that this security deposit may **not** be **applied as rent**, and that the full monthly rent
will be paid on or before the first day of every month **including** the last month of occupancy

_____      *02-23-05*
Resident                Date

*Salvador Escobar MS*      *07-23-05*
Resident

## RELEASE OF THE SECURITY DEPOSIT IS SUBJECT TO THE FOLLOWING PROVISIONS

1   A written 30 Day notice must be given.  No notice to vacate will be accepted for any shorter
    period of time
2   Security will not be applied as the last month rent
3   No damage to property beyond ordinary wear and tear
4   Entire apartment, including range, exhaust fan, air condition, bathroom, closets, cabinets, and
    refrigerator must be clean.  Refrigerator to be defrosted
5   No unpaid last charges or delinquent rent.
6   All apartment, security, garage and mailbox keys are returned.
7   All debris, rubbish and discards are placed in proper disposal containers.
8   Forwarding address left with manager.

The security deposit will be refunded by check, mailed to the forwarding address   Refunds cannot be
picked up at the rental office.

RF-403

16 of 17   revised on 7/21/2005 at 10:55 AM

# KEY RECEIPT AGREEMENT

Alma G. Amaral, Salvador Escobar and three minor children, referred to as the RESIDENT.
The LANDLORD leases to the property known as 20302 West Stagg Street, Winnetka, CA

This agreement is an addendum to the lease and upon execution becomes effective and incorporated with the following conditions:

1. Replacement keys will be made available upon request and Residents will be charged $25.00 per key.

2. Should the Resident [Lessee] allow an unauthorized person, not listed on the Resident's Lease, possession and use of the keys, the Resident [Lessee] is in violation of the Lease and the violation may be cause for immediate termination of the Lease.

3. Should the Resident [Lessee] attempt to duplicate or cause a copy to be made, the Resident [Lessee] is in violation of the Lease and that violation may be cause for immediate termination of the lease

4. The gate key is provided for each Resident [Lessee] to access the property and subsequently, your apartment. The gate has been installed to prevent direct access to anyone other than Residents of your community  Any Resident [Lessee] who leaves the gate open, tampers with the gate, gate hardware or physical property of the apartment community is in violation of their Lease and such action may result in immediate termination of the Lease

The Resident [Lessee] has read and understands the conditions stated above and has received   _2_  key(s).  The Resident [Lessee] further agrees that, by signature below, this document is now an addendum to and part of the Lease governing the Resident's household.

Resident [Lessee] has read and understands the conditions stated above and has received _2_ key(s).  The Resident [Lessee] further agrees that, by signature below, this document is now an addendum to and part of the Lease governing the Resident's household.

Resident [Lessee] Signature:  x _Alma G. Amaral_

Date _07-23-05_  x _Salvador Escobar Mtr_

Owner/Agent Signature: _____

Date: _07/23/05_

15 of 17    revised on 7/21/2005 at 10:55 AM

# SMOKE DETECTOR INSPECTION FORM

Alma G  Amaral, Salvador Escobar and three minor children, referred to as the RESIDENT. The LANDLORD leases to the property known as 20302 West Stagg Street, Winnetka, CA.

I (we), _____, verify that the smoke detector in my apartment has been checked by the on-site staff and is in working condition.

_____
Resident Signature

07 - 23 - 05
Date

_____
Resident Signature

07 - 23 - 05
Date

_____
Manager's signature

07/23/05
Date

MS-901

ADDENDUM NO. 8

14 of 17   revised on 7/21/2005 at 10:55 AM

# FAIR HOUSING STATEMENT
## OF

_20302  W.  Stagg  St_

This apartment community is fully committed to providing an Equal Housing Opportunity for all.

In this regard, applicant screening methods are utilized to determine the likelihood that an applicant will be able to meet the essential requirements of tenancy as expressed in the lease. These essential requirements are summarized in part as follows.

The ability to·
Pay rent and other fair charges in a timely manner
Care for and avoid damaging the unit and common areas
Use facilities and equipment in a reasonable way
Create no health, safety or sanitation hazards
Report maintenance needs
Avoid interfering with the rights and enjoyment of others
Avoid damaging the property of others
Avoid criminal activity that threatens the health, safety or rights of Others
Avoid drug-related activities
Comply with necessary and reasonable rules and requirements of the
Regulating agency, the property's lease and House Rules and such
Other programs that are, or may, apply to the property.

Applicant _Olua M. Cumaral C._          Applicant _Salvador Escobar Mz_

Date _07/23/05_          Date: _07/23/05_

ADDENDUM NO 7

13 of 17   revised on 7/21/2005 at 10:55 AM

07/05/2007  10:28   32373   )                CPDC MANAGEMEN              PAGE  14

ADDENDUM NO 5

# MEGAN'S Law

The Addendum to Lease ("Addendum") made this first day of August 2005, by and between Alta Community Association, as Lessor and Alma O. Amaral, Salvador Escobar and three minor children, referred to as the RESIDENT.

A.      Resident and Development entered into a written Lease Agreement (the "Lease") dated August 1, 2005, for the premised described as follows:

        20302 West Stagg Street, Winnetka, CA.

        This addendum shall be attached and incorporated as apart of the Lease and marked Megan's Law Addendum.

Therefore, Management and Resident(s) agree as follows.

"The California Department of Justice, sheriff's departments, police department servicing jurisdictions of 2,000,000 or more and many other local law enforcement authorities maintain, for public access, a data base of the locations of persons required to register pursuant to paragraph (1) subdivision (a) of Section 290.4 of the Penal Code.  The database is updated on a quarterly basis and is a source of information about the presence of these individuals in any neighborhood.  The Department of Justice also maintains a Sex Offender Identification Line through which inquiries about specific individuals may be made.  This is a "900" telephone service.  Callers must have specific information about the individuals that they are checking.  Information regarding neighborhoods is not available through the "900" telephone service."

The undersigned parties understand and agree to all conditions and terms as set forth in this Megan's Law Addendum.

_Alma M. Amaral_                          _02 - 23 - 05_
Resident's signature                       Date

_Salvador Escobar Mtz_                     _07 - 23 - 05_
Resident's signature                       Date

_[signature]_                              _07/28/05_
Property Manager's Signature                Date

ADDENDUM NO. 6

# DID YOU KNOW

### THAT TO PROTECT YOU AND YOUR BELONGINGS TO MUST HAVE
### RENTERS INSURANCE?

### OUR INSURANCE COVERS WHAT BELONGS TO US; YOU NEED TO INSURE WHAT BELONGS TO YOU.

### SHOULD A CLAIM BE DETERMINED TO BE YOUR RESPONSIBILITY, YOU COULD BE ASKED TO PAY THE BILL!!

### IF YOU HAVE RENTERS INSURANCE YOU WOULD BE PROTECTED.

## DO IT !!!

_____            07/23/05
Signature                          Date

_____            07/23/05
Signature                          Date


_____  / _____
Resident                   Date

_____  / _____
Resident                   Date

RF-407

17 of 17   revised on 7/21/2005 at 10:55 AM

18. Use burners that fit the pan you are using  Using a small pan on a large burner is
    inefficient.

19. Use lids on pans when cooking

20. If your apartment is equipped for resident owned laundry equipment and you do
    not install the appliances, please plug the dryer vent

21 Do not use your ovens or burners for heat.

*Residents are responsible for the conduct of their guests and children, and their
adherence to all terms of this lease including the House Rules.*

IN WITNESS WHEREOF, OWNER OR ITS AGENT AND RESIDENT  have duly
executed these rules as of this date.

| Resident | Date Signed |
|---|---|
| By: | |
| *Alma M. Cimaral* | 07 23 05 |
| *Salvador Escobar MFr* | 07/23/05 |

WITNESS AS AGENT FOR THE OWNER

07 23 05

26   4/30/2004  8.20 AM

Case 1:12-bk-13628-AA    Doc 9    Filed 05/08/12    Entered 05/08/12 10:27:46    Desc
Main Document       Page 39 of 47

 

**This page is part of your document - DO NOT DISCARD**

 **20071966124**



Pages: 003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

08/22/07 AT 08:00AM

Fee:  14.00
Tax:  3,640.00
Other: 0.00

Total: 3,654.00

**Title Company**

TITLE(S) :  **DEED**







L E A D     S H E E T

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**

**Number of AIN's Shown**

| | | | | - | | | | - | | | |



**THIS FORM IS NOT TO BE DUPLICATED**

RECORDING REQUESTED BY

Investors Title Company

AND WHEN RECORDED MAIL TO

Name          Tuscana Homes,
Street         8211 Remmet Ave
Address

City/State    Canoga Park, CA 91304
Zip

Order No. 14182879-327-TD1

RECEIVE

08/22/07        UC  23

**20071966124**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
City of Los Angeles
Conveyance Tax is $2925.00
Parcel No. 2114-001-039

Documentary Transfer Tax is $715.00
☒ computed on full value of interest or property conveyed, or
☐ full value less value of liens or encumbrances remaining at the time of sale

Declarant or Agent Determining Tax

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Alta Community Association, A California Non-Profit Public Benefit Corporation**

hereby GRANT(s) to

**Tuscana Homes Corp., a California Corporation**

the following real property in the city of Los Angeles

county of Los Angeles, state of California:

Lot 24 of Tract 9992, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 141, Pages 3 and 4 of Maps, in the office of the County Recorder of said County

COMPLETE LEGAL DESCRIPTION PER EXHIBIT"A" ATTACHED HERETO AND MADE A PART HEREOF.

Dated: July 19, 2007

STATE OF CALIFORNIA
COUNTY OF Los Angeles                                    } S.S.

Alta Community Association, A California Non-Profit Public Benefit Corporation

By: Frank De Santis, President

On _Kaly_ August 2, 2007 _____ before me,
Leonard M. Goldberg

a Notary Public, personally appeared
_Frank De Santis_

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s), acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Leonard M. Goldberg_

LEONARD M. GOLDBERG
Commission # 1574707
Notary Public - California
Los Angeles County
My Comm. Expires Apr 30, 2009

(This area for official notarial seal)

MAIL TAX STATEMENTS TO PARTY SHOWN ON THE FOLLOWING LINE; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE

Name                          Street Address                          City & State

File No: 1040113

# EXHIBIT "A"

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

LOT 24 OF TRACT 9992, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 141,PAGE(S) 3 AND 4 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT AN UNDIVIDED ½ OF ALL THE MINERALS, GAS, OILS PETROLEUM, NAPTHA AND OTHER HYDROCARBON SUBSTANCES IN, ON OR UNDER SAID LAND AS RESERVED IN DEED FROM RALPH WEST AND LUCILLE J WEST, RECORDED 8/10/43 IN BOOK 20228 PAGE 7 OFFICIAL RECORDS.

Assessor's Parcel Number:      2114-001-039

/

**This page is part of your document - DO NOT DISCARD**



# 20100079669



Pages:
0002

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**01/20/10 AT 08:00AM**

| | |
|---|---|
| FEES: | 23.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 23.00 |



**L E A D S H E E T**



201001200180006

00001807928



002499069

**SEQ:
26**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

T72

3                                                                                              2

RECORDING REQUESTED BY
AND
WHEN RECORDED RETURN TO:
AND MAIL TAX BILLS TO:

01/20/2010

*20100079669*

**City Homes Corp.**
**21510 Roscoe Blvd.**
**Canoga Park, CA 91304**

*This document filed for recording by Chicago Title Insurance and and Trust as an accommodation only. It has not been examined as to its execution or as to its effect upon the title.*

**APN# 2114-001-060, 061, 062 and 063**

### GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
          Documentary transfer tax is $ ~~NONE **~~ County ~~NONE **~~ City
** "The grantors and the grantees in this conveyance are comprised of the same parties
who continue to hold the same proportionate interest in the property, R & T 11923(d)."
City of Los Angeles
FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged.

**TUSCANA HOMES CORP., a California Corporation**

HEREBY GRANTS TO:  **CITY HOMES CORP, a California Corporation**

the following described real property:
**Parcels A, B, C and D of Parcel Map 2005-5709, in the City of Los Angeles, County of Los
Angeles, State of California, as per map filed in Book 359, Pages 90 and 91, of Parcel Maps,
in the office of the County Recorder of said County.**

ACCOMMODATION
RECORDING

TUSCANA HOMES CORP., a California
corporation

Dated:  12|2|2009                          _____
                                           Sharon Evenhaim, President

STATE OF CALIFORNIA}
COUNTY OF Los Angeles          }

On _December 2, 2009_, before me, _Natalie Bledsoe_, a Notary Public, personally
appeared _Sharon Evenhaim_, who proved to me on
the basis of satisfactory evidence to be the person(s) whose name(s) ~~is/are~~ subscribed to the within instrument and
acknowledged to me that ~~he/she/they~~ executed the same in ~~his/her/their~~ authorized capacity(ies), and that by
~~his/her/their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.
WITNESS my hand and official seal

Signature: _Natalee Bledsoe_          (Seal)

NATALIE BLEDSOE
Commission # 1766931
Notary Public · California
Los Angeles County
My Comm. Expires Sep 10, 2011

16663-104

Mail Tax Statements to Return Address Above

264

3152520

# State of California
## Secretary of State



I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of _____ page(s) has been compared with the record on file in this office, of which it purports to be a copy, and that it is full, true and correct.



IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this day of

JUL 0 7 2008

_Debra Bowen_

DEBRA BOWEN
Secretary of State

Sec/State Form CE-107 (REV 1/2007)

OSP06 69734

3152520

**ENDORSED - FILED**
In the office of the Secretary of State
of the State of California

JUN 3 0 2008

### ARTICLES OF INCORPORATION
### OF
### CITY HOMES CORP

The undersigned, desirous of forming a corporation under the laws of the State of California, declares:

1.    The name of the corporation is:

### CITY HOMES CORP

2.    The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California, other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

3.    The name and address in this State of the corporation's initial agent for service of process is:

Shawn Evenhaim
21510 Roscoe Boulevard
Canoga Park, California 91304

4.    The corporation is authorized to issue 10,000 shares of capital stock, all of one class, to be designated "common stock."

5.    The liability of the directors of the corporation for monetary damages shall be eliminated to the fullest extent permissible under California law.

6.    The corporation is authorized to indemnify the directors and officers of the corporation to the fullest extent permissible under California law.

IN WITNESS WHEREOF, the undersigned has executed these Articles of Incorporation this ___7___ day of June, 2008.

SHAWN EVENHAIM, Incorporator

D I 0 0 2 2 8 7



# State of California
## Secretary of State

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of ___|___ page(s) is a full, true and correct copy of the original record in the custody of this office.



**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California this day of

JAN 1 3 2010

**DEBRA BOWEN**
**Secretary of State**

*Sec/State Form CE-109 (REV 01/2009)*                                      OSP 09 113643

D1002287



# State of California
# Secretary of State

DISS STK

**DOMESTIC STOCK CORPORATION**
**CERTIFICATE OF DISSOLUTION**

**ENDORSED - FILED**
in the Office of the Secretary of State
of the State of California

**DEC 3 1 2009**

| There is no fee for filing a Certificate of Dissolution. |
|---|
| **IMPORTANT – Read instructions before completing this form.** |

This Space For Filing Use Only

**CORPORATE NAME** (Enter the name of the domestic stock corporation exactly as it is of record with the California Secretary of State.)

1. Name of corporation

   TUSCANA HOMES CORP.

**REQUIRED STATEMENTS** (The following statements are required by statute and should not be altered.)

2. a) A final franchise tax return, as described by Section 23332 of the Revenue and Taxation Code, has been or will be filed with the Franchise Tax Board, as required under Part 10.2 (commencing with Section 18401) of Division 2 of the Revenue and Taxation Code.

   b) The corporation has completely wound up.

   c) The corporation is dissolved.

**DEBTS & LIABILITIES** (Check the applicable statement. Note: Only one box may be checked.)

3. [✓] The corporation's known debts and liabilities have been actually paid.

   [ ] The corporation's known debts and liabilities have been paid as far as its assets permitted.

   [ ] The corporation's known debts and liabilities have been adequately provided for by their assumption and the name and address of the assumer is _____

   [ ] The corporation's known debts and liabilities have been adequately provided for as far as its assets permitted.
   (Specify in an attachment to this certificate (Incorporated herein by this reference) the provision made and the address of the corporation, person or governmental agency that has assumed or guaranteed the payment, or the name and address of the depository with which deposit has been made or other information necessary to enable creditors or others to whom payment is to be made to appear and claim payment.)

   [ ] The corporation never incurred any known debts or liabilities.

**ASSETS** (Check the applicable statement. Note: Only one box may be checked.)

4. [✓] The known assets have been distributed to the persons entitled thereto.

   [ ] The corporation never acquired any known assets.

**ELECTION** (Check the "YES" or "NO" box, as applicable. Note: If the "NO" box is checked, a Certificate of Election to Wind Up and Dissolve pursuant to Corporations Code section 1901 must be filed prior to or together with this Certificate of Dissolution.)

5. The election to dissolve was made by the vote of all the outstanding shares.   [✓] YES   [ ] NO

**VERIFICATION & EXECUTION** (If additional signature space is necessary, the dated signature(s) with verification(s) may be made on an attachment to this certificate. Any attachments to this certificate are incorporated herein by this reference.)

6. The undersigned constitute(s) the sole director or a majority of the directors now in office. I declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of my own knowledge.

√ 12/31/2009
Date

_____
Signature of Director

SHARON EVENHAIM
Type or Print Name of Director

_____
Signature of Director

_____
Type or Print Name of Director

_____
Signature of Director

_____
Type or Print Name of Director

DISS STK (REV 03/2007)

APPROVED BY SECRETARY OF STATE